**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARON EZRA WESSEL, | No. 12-15784 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-02720-JFM |
| v. | |
| R. BARNES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John F. Moulds, Magistrate Judge, Presiding

Submitted August 14, 2014[**]
San Francisco, California

Before: TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

Aron Wessel appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition challenging his jury convictions stemming from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

shooting of his sister's ex-boyfriend.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The California Court of Appeal's decision rejecting Wessel's prosecutorial misconduct claim was not "contrary to" clearly established federal law.   Contrary to Wessel's contention, the Court of Appeal's decision did not "appl[y] a rule that contradicts the governing law set forth in Supreme Court cases," or "confront[] a set of facts materially indistinguishable from those at issue in a decision of the Supreme Court and, nevertheless, arrive[] at a result different from [the Court's] precedent."  *Moses v. Payne*, 555 F.3d 742, 751 (9th Cir. 2009) (amended opinion) (internal quotation marks omitted).  Although the Court of Appeal may have arguably misstated the prosecutorial misconduct standard articulated in *Darden v. Wainwright*, 477 U.S. 168 (1986), neither the reasoning nor the result of the Court of Appeal's decision contradicts Supreme Court precedent because the state court did not, in fact, require a "pattern" of "intemperate behavior."  The Court of Appeal's rejection of Wessel's prosecutorial misconduct claim did not hinge on any of the linguistic variations identified by Wessel.  Instead, it rested on Wessel's failure to show that the alleged misconduct resulted in prejudice.  Therefore, Wessel is not entitled to habeas relief on his prosecutorial misconduct claim.  *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (state court's decision not

contrary to clearly established federal law "so long as *neither the reasoning nor the result* of the state-court decision contradicts" controlling Supreme Court precedent (emphasis added)).

Equally unavailing is Wessel's related ineffective assistance of counsel claim based on his trial counsel's failure to object to the prosecutor's purported misconduct. The Court of Appeal's denial of this claim did not involve an "unreasonable application" of *Strickland v. Washington*, 466 U.S. 668 (1984). The Court of Appeal reasonably determined that trial counsel's failure to object was not prejudicial because Wessel failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Habeas relief is foreclosed on Wessel's ineffective assistance claim because "'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**AFFIRMED.**